Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY L. BASS,<br><br>*Plaintiff,*<br><br>v.<br><br>DARRYL HOWARD, MR. JOE M., MARK GUCIA, and MR. BOLGER<br><br>*Defendants.* | Civil Action No. 19-17077<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Gregory L. Bass ("Plaintiff") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, but **DISMISSES** Plaintiff's Complaint (D.E. 1) ("Compl.") pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of New Jersey. Compl. at 1. The Complaint alleges that all Defendants are New Jersey citizens. *Id.* at 2.

Plaintiff's Complaint, which is handwritten, is difficult to decipher at points. Plaintiff states that the events giving rise to the claim occurred at Stop & Shop on 8 Franklin Street, Bloomfield, NJ 07003 ("Stop & Shop"). *Id.* at 3. Plaintiff alleges "I was terminated I was black man." *Id.* at 3. Plaintiff does not explain his relation to each Defendant, but it seems that

Defendants Darryl,[1] Joe M., Gucia, and Bulger are likely employees or employers of Stop & Shop based on the fact that each Defendant's alleged address is that of Stop & Shop. *Id.* at 2-3. Plaintiff claims all four Defendants "discriminated against me." *Id.* Plaintiff appears to claim that he has text messages that are proof of his wrongful termination claim, but Plaintiff does not explain what those text messages state or who they are from. *Id.* at 4.

A clearer picture is obtained when looking at Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination form, which Plaintiff includes at the end of the Complaint. *Id.* at 6.[2] In the EEOC Charge of Discrimination form, Plaintiff states that he was an employee in Stop & Shop's meat department. *Id.* Plaintiff alleges that he was the only African-American employee in the department. *Id.* Plaintiff claims that other employees were provided training, but that Plaintiff was "not provided the training to successfully complete [his] job." *Id.* Plaintiff alleges that he "was assigned the less desirable tasks when other were not" and "was given less hours than other employees of a different race." *Id.* Plaintiff alleges that he complained, but his complaints "went unanswered" and he was "terminated shortly after." *Id.* Believing that he was discriminated against based on his "race and color," Plaintiff filed a Charge of Discrimination with the EEOC on April 10, 2019. *Id.*

---

[1] On the first page of the Complaint in the case's caption, Plaintiff refers to this Defendant as "Darryl Howard." *Id.* at 1. However, throughout the rest of the Complaint, Plaintiff repeatedly refers to the Defendant as "Howard Darryl." *Id.* at 2-4. The Court refers to the Defendant as "Howard Darryl."

[2] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Plaintiff filed this Complaint on August 21, 2019 seeking $50,000 in damages. *Id.* at 4.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees and costs. *See* Compl., D.E. 1-1.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must

"allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. LEGAL ANALYSIS

At the outset, the Court construes Plaintiff's Complaint liberally in regard to subject matter jurisdiction. "In order to establish a basis for subject matter jurisdiction in federal court, a plaintiff's claims must establish either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. *Gencarelli v. New Jersey Dep't of Labor & Workforce Dev.*, No. 15-3405, 2015 WL 5455867, at *1 (D.N.J. Sept. 16, 2015) (citing *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

Plaintiff states that his claims are brought pursuant to diversity jurisdiction. Compl. at 2. As noted, Plaintiff bears the burden of proving diversity jurisdiction, which requires proof of the parties' diversity of citizenship as well as the existence of a matter in controversy exceeding the

4

value of $ 75,000. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332). Diversity of citizenship is present when a citizen of one state brings an action against Defendants who are all citizens of a different state. *See* 28 U.S.C. § 1332. Plaintiff alleges that he is a New Jersey citizen and that Defendants are New Jersey citizens. Thus, there is no diversity of citizenship. Moreover, Plaintiff seeks $50,000 in damages. Compl. at 4. To maintain a diversity jurisdiction the amount in controversy must exceed $75,000. Thus, Plaintiff also does not meet the amount in controversy threshold.

Plaintiff does not allege federal question jurisdiction in the body of the Complaint. However, reading the Complaint liberally and taking Plaintiff's EEOC Charge of Discrimination into account, the Court finds that Plaintiff is likely seeking to bring an employment discrimination claim under Title VII of the 1964 Civil Rights Act ("Title VII"). *See* Compl. at 6 ("I believe I have been discriminated against based on my race and color, in violation of Title VII Civil Rights Act of 1964, as amended."). While the Court will not dismiss Plaintiff's Complaint based on lack of subject matter jurisdiction, if Plaintiff chooses to file an amended complaint, Plaintiff must clearly allege the basis for the Court's subject matter jurisdiction.

Assuming Plaintiff intends to assert a federal question pursuant to Title VII, he must allege a *prima facie* claim of discrimination under Title VII. "Title VII protects all employees of and applicants for employment with a covered employer, employment agency, labor organization, or training program against discrimination based on race, color, religion, sex, or national origin." *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 323 (1980). Thus, Title VII prohibits employers from wrongfully discriminating against their employees. *See* 42 U.S.C. § 2000e-2.

To allege a Title VII *prima facie* claim, a plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Barrentine v. New Jersey Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted)). Plaintiff indicates that he is African American and that he suffered an adverse employment action in that he was fired. But he fails to sufficiently plead any factual allegations that that he was qualified for the position or that the employer continued to seek out individuals with qualifications similar to Plaintiff's to fill the position under circumstances that raise an inference of discriminatory action. Compl. at 3. As the Complaint stands, Plaintiff's allegations fail to plausibly state a claim against Defendants under Title VII. If Plaintiff chooses to file an amended complaint, Plaintiff is directed to address the foregoing deficiencies to sufficiently allege a Title VII claim. 44 F. Supp. 3d 530, 538.

Moreover, a plaintiff alleging a violation of Title VII must exhaust the administrative remedies available through the EEOC before bringing a claim in court. 42 U.S.C. § 2000e–5(e); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Plaintiff attaches his Charge of Discrimination form but does not attach a right to sue letter from the EEOC. Without a right to sue letter, it is not clear to the Court whether Plaintiff has exhausted his administrative remedies. If Plaintiff chooses to file an amended complaint and has received a right to sue letter, Plaintiff must include the letter in his amended complaint.

Additionally, the Complaint contains defects regarding group pleading. Mere "conclusory allegations against defendants as a group" which "fail to allege the personal involvement of any

6

defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11. Here, Plaintiff names several Defendants but only discusses Darryl's individual actions in any detail. Thus, Plaintiff fails to specifically establish each individual Defendant's actions that contributed to the alleged violations.

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and his Complaint is dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with one additional opportunity to file an amended complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

If Plaintiff is proceeding pursuant to a legal theory other than the one discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim.

7

If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

Thus, for the reasons set forth above and for good cause shown,

IT IS on this 14th day of November, 2019,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and it is further

**ORDERED** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of receipt of this Opinion and Order, curing the deficiencies noted herein. If Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of receipt, dismissal of this case shall be with prejudice.[3] In addition, if Plaintiff files an amended complaint but it is still deficient, this case will be dismissed with prejudice; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by certified mail return receipt.

JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

[3] Dismissal with prejudice means that Plaintiff will not be able to bring any future action against Defendants based on the allegations in this case.