Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY L. BASS,<br><br>*Plaintiff,*<br><br>v.<br><br>DARRYL HOWARD, MR. JOE M., MARK GUCIA, and MR. BOLGER<br><br>*Defendants.* | Civil Action No. 19-17077<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Gregory L. Bass ("Plaintiff") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. This Court previously granted his application to proceed *in forma pauperis* but dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a claim upon which relief could be granted. D.E. 2. The Court provided Plaintiff with leave to file an amended complaint, which Plaintiff filed on December 20, 2019. D.E. 3. For the reasons discussed below, the Court **DISMISSES** Plaintiff's First Amended Complaint (D.E. 3) ("FAC").

I. **FACTS AND PROCEDURAL HISTORY**

Plaintiff's FAC, much like the original Complaint, is handwritten and difficult to decipher at points. Plaintiff stated in the original Complaint that the events giving rise to the claim occurred at Stop & Shop on 8 Franklin Street, Bloomfield, NJ 07003 ("Stop & Shop"). D.E. 1 at 2. Plaintiff lists Darryl Howard, Mr. Joe M., Mark Gucia, and Mr. Bolger as Defendants. FAC at 1. While

Plaintiff does not explain his relationship to each Defendant, it appears Defendants were employers or fellow employees at Stop & Shop.

Plaintiff alleges that he was wrongfully terminated from Stop & Shop. *Id.* at 3. Plaintiff claims that he was the only African-American employee in Stop & Shop's meat department and the only employee "not provided the training to successfully complete [his] job." FAC at 1. He claims that the other employees in the department, who were all Hispanic, were provided proper training. *Id.* Plaintiff alleges that Stop & Shop gave him fewer hours than the other Defendants because of his race. *Id.* at 2. He writes, "I was not give me no hours. [*sic*] I was a black man working at Stop Shop." *Id.* Plaintiff claims that he has text messages that are proof of his claims, but does not indicate the content of the messages or who sent/received them. *Id.* at 2–3.

Plaintiff's attached his Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination form at the end of the FAC. *Id.* at 6.[1] Plaintiff filed the form with the EEOC on April 10, 2019, alleging that he was being discriminated against in his workplace based on his "race and color." Much of the EEOC Charge of Discrimination form mirrors the FAC. In addition to the facts alleged in the body of the FAC, Plaintiff alleged in the Charge of Discrimination form that he "was assigned the less desirable tasks when other were not." *Id.* Plaintiff states that he complained, but his complaints "went unanswered," and he was "terminated shortly thereafter." *Id.* Plaintiff also attached a Dismissal and Notice of Rights order from the EEOC, which set forth Plaintiff's right to sue following dismissal of his EEOC charge. *Id.* at 5.

---

[1] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

2

Plaintiff also lists the following additional claims in the FAC:

> Employee handbook conspiracy to violate civil rights. Negligence. Under the doctrine of respondeat superior. For negligence of individual [*sic*]. Defendants committed within the scope of their employment. Negligence. [illegible word] part of employer. Intentional infliction of emotional distress, as a result of said discriminatory animus, as well as his and other common law and torts . . . Defendants has [*sic*] infringed on this Plaintiff's civil and constitutional rights under Title 42 1983 Fourteeth [*sic*] Amendment [*sic*] qual [*sic*] law. Due process. First amendent [*sic*] that caused injures [*sic*]. Damages and harm to me economic losses including extreme emotional distress loss of reputation. Shame. Humiliation. Pain and suffering inconvenience. Mental anguish impairment in the quality of life consequentrial [*sic*] losses.

*Id.* at 1–2. The FAC does not include additional facts related to these claims.

Plaintiff filed his initial Complaint on August 21, 2019, seeking $50,000 in damages. D.E. 1 at 4. The Court dismissed Plaintiff's Complaint because Plaintiff failed to plausibly state a claim against Defendants. D.E. 2. The Court gave Plaintiff thirty days to file an amended complaint addressing the Complaint's deficiencies and clearly alleging the basis for the Court's subject matter jurisdiction. *Id.* at 5, 7–8. Plaintiff filed the FAC on December 20, 2019, and it appears he is seeking $45,000 in damages. FAC at 3. While Plaintiff did not specifically allege the basis for the Court's subject matter jurisdiction, Plaintiff included numerous claims that provide federal question jurisdiction. *Id.* at 1–2.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently established his inability to

3

pay for the costs of his suit and the Court granted Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees and costs. *See* D.E. 2.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. LEGAL ANALYSIS

"In order to establish a basis for subject matter jurisdiction in federal court, a plaintiff's claims must establish either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Gencarelli v. New Jersey Dep't of Labor & Workforce Dev.*, No. 15-3405, 2015 WL 5455867, at *1 (D.N.J. Sept. 16, 2015) (citing *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

Plaintiff does not state in the FAC whether his claims are brought pursuant to diversity or federal question jurisdiction, but the Court will analyze both due to Plaintiff's *pro se* status. Since Plaintiff does not allege diversity of citizenship or an amount in controversy exceeding $75,000 in the FAC, there is no diversity jurisdiction. While Plaintiff does not specifically allege federal question jurisdiction in the body of the FAC, the Court reads the FAC liberally and finds that Plaintiff is seeking numerous federal claims, including an employment discrimination claim under Title VII of the 1964 Civil Rights Act ("Title VII"). *See* FAC at 6.

Assuming Plaintiff intends to assert a federal question pursuant to Title VII, he must allege a *prima facie* claim of discrimination under Title VII. "Title VII protects all employees of and

5

applicants for employment with a covered employer, employment agency, labor organization, or training program against discrimination based on race, color, religion, sex, or national origin." *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 323 (1980). Thus, Title VII prohibits employers from wrongfully discriminating against their employees. *See* 42 U.S.C. § 2000e-2.

To allege a Title VII *prima facie* claim, a plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Barrentine v. New Jersey Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted)). Plaintiff indicates that he is African American and that he suffered an adverse employment action in that he was fired. FAC at 1, 3, 6. However, Plaintiff fails to sufficiently plead any factual allegations that that he was qualified for the position or that, under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to Plaintiff's to fill the position. As the FAC stands, Plaintiff's allegations fail to plausibly state a claim against Defendants under Title VII.[2]

Moreover, Plaintiff included the following additional claims in the FAC that were not alleged in the Complaint:

> Employee handbook conspiracy to violate civil rights. Negligence.
> Under the doctrine of respondeat superior. For negligence of

---

[2] A plaintiff alleging a violation of Title VII must exhaust the administrative remedies available through the EEOC before bringing a claim in court. 42 U.S.C. § 2000e–5(e); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). In the Court's prior opinion, Plaintiff was instructed to prove he had exhausted his administrative remedies. D.E. 2 at 6–7. Plaintiff cured this deficiency by attaching his right to sue letter from the EEOC. FAC at 5.

> individual [*sic*]. Defendants committed within the scope of their
> employment. Negligence. [illegible word] part of employer.
> Intentional infliction of emotional distress, as a result of said
> discriminatory animus, as well as his and other common law and
> torts ... defendants has [*sic*] infringed on this plaintiff's civil and
> constitutional rights under Title 42 1983 Fourteeth [*sic*] Amendment
> [*sic*] qual [*sic*] law. Due process. First amendment [*sic*] that caused
> injures [*sic*]. Damages and harm to me economic losses including
> extreme emotional distress loss of reputation shame. Humiliation.
> Pain and suffering inconvenience. Mental anguish impairment in
> the quality of life conseuentries [*sic*] losses.

D.E. 3 at 1–2. However, Plaintiff failed to provide factual support for any of these additional claims in the FAC. Merely listing causes of action, without also including the necessary elements, does not even rise to the level of conclusory. In sum, Plaintiff has failed to plausibly plead any claims upon which relief can be granted.

Additionally, like the Complaint, the FAC contains defects regarding group pleading. Mere "conclusory allegations against defendants as a group" which "fail to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11. In the FAC, Plaintiff names several Defendants but only discusses Darryl's individual actions in any detail. FAC at 2–3. Thus, Plaintiff fails to specifically establish each individual Defendant's actions that contributed to the alleged violations.

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and FAC is dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110–11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Having already granted Plaintiff an opportunity to amend and given the content of the FAC, the Court has serious concerns about whether any further amendment would be futile. However, because Plaintiff is proceeding *pro se*, the Court will give Plaintiff one additional opportunity to file an adequate complaint. Therefore, the Court dismisses Plaintiff's FAC without prejudice.

Thus, for the reasons set forth above and for good cause shown,

IT IS on this 23rd day of March, 2020,

**ORDERED** that the FAC, D.E. 3, is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff has thirty (30) days to file a second amended complaint that cures the deficiencies noted herein. If Plaintiff does not file a second amended complaint within thirty days, this matter will be dismissed with prejudice.

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by certified mail return receipt

JOHN MICHAEL VAZQUEZ, U.S.D.J.